ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* PRICE.

Opinion delivered July 15, 1907.

1. CARRIER—FAILURE TO STOP TRAIN AT STATION.—It was not error to instruct the jury that if the defendant railway company failed to stop its train at a station long enough for a passenger to alight in safety, and suddenly started the train while the passenger within proper time was trying to alight, and by reason thereof the passenger was injured, the passenger was entitled to recover. (Page 439.)

2. DAMAGES FOR PERSONAL INJURIES—EXCESSIVENESS.—A verdict of $5,000 for personal injuries received by plaintiff is sustained by evidence that the injuries caused a dislocation of plaintiff's humerus and shoulder blade, together with a straining of the deltoid muscles, which caused great pain and would be a permanent injury unless plaintiff was operated upon; that the dislocation of the shoulder caused one shoulder to be lower than the other, making a noticeable difference between the two; and that there was a dullness of the lungs as if due to an abscess caused by the injury. (Page 440.)

Appeal from Lonoke Circuit Court; *George M. Chapline,* Judge; affirmed.

#### STATEMENT BY THE COURT.

Mrs. Price brought suit for personal injuries against the appellant railroad, and these facts were developed on behalf of the plaintiff: She was a passenger on appellant's train going to Ward station. The train stopped at its usual place, and after the station was called she left the coach and attempted to alight. While stepping on the last step, the train gave a jerk and threw her violently against an iron rod and pitched her forward on her shoulder, which soon gave her much pain.

She introduced considerable testimony as to the extent of her injuries. On the other hand, the defendant introduced testimony tending to show that she was not thrown from the train, and that the injury was not as serious as she and her witnesses indicated.

The court gave two instructions at the instance of plaintiff, which were as follows:

"1. You are instructed that it is the duty of railways and their employees operating trains to stop at stations a sufficient length of time to permit passengers promptly to alight from the trains in safety. If plaintiff was traveling upon defendant's train, and defendant's employees failed to stop at the station long enough to enable plaintiff to alight promptly in safety, and while plaintiff within proper time was trying to alight defendant company suddenly started the train, and by reason thereof plaintiff sustained an injury, you will find for the plaintiff."

"2. If you find for the plaintiff, you will find in such sum as will compensate her for her pain and suffering she has experienced, if any, occasioned by said injury; and if you find from the evidence that plaintiff by reason of said injury, if she was injured, has suffered disfigurement of her person, you will also find in such sum as you believe under the evidence will compensate her therefor."

Other instructions were given at the instance of the appellant.

The trial resulted in a verdict of $5000 for the plaintiff, and judgment was entered thereupon, and the railroad company has appealed.

*Tom M. Mehaffy* and *J. E. Williams,* for appellant.

1. There is no liability on the part of appellant unless it was guilty of negligence in starting the train at the time; and this is a question of fact for the jury to determine from the evidence. The first instruction was, therefore, erroneous in that it assumes negligence by appellant. 82 Mich. 46; 28 Am. & Eng. R. Cas. 611; 2 Pac. 521; 36 Ark. 607; Hutchinson on Car. § § 892-3, 924.

2. The second instruction as to disfigurement is in the face of appellee's own testimony that she had hold of nothing at the time the jerk came, and the testimony of the physician, her

own witness, that such an injury to the shoulder would not have occurred unless she had been holding on to something at the time, that it could not be caused by a blow. The cause of the injury being unproved, it will not be attributed to the defendant's negligence or fault. 9 So. 566.

*Trimble, Robinson & Trimble,* for appellee.

1. The first instruction is not open to the objection raised by appellant. It assumed no fact, but merely declared the law upon a hypothetical statement of facts. Nor is the question of negligence always for the jury. 72 Ark. 576; 64 Ark. 332. No specific objection was made in the lower court; counsel there contenting himself, when requested to state his objections, with saying that "it is not the law." 66 Ark. 264; *Id.* 46; 70 Ark. 558.; 74 Ark. 355. Under the proof the instruction would not have been prejudicial if it had assumed negligence in starting the train. 81 Mo. 325; 64 Ark. 619.

2. There is no error in the second instruction. It assumes nothing, but fairly submittted to the jury the question of appellee's disfigurement with other questions, and their verdict is in response to the weight of evidence.

HILL, C. J., (after stating the facts.) The first instruction is criticised for stating that "if the defendant company suddenly started its train, and by reason thereof the plaintiff sustained an injury," instead of saying "if the defendant company *negligently* started its train." The criticism is without merit, because the facts assumed in this instruction would make it negligence for the train to be suddenly started, and it was proper for the court to so state, instead of incorporating a general term in the instruction. The instruction is not open to the objection that it assumes that the company was guilty of negligence, for it says that if "defendant's employees failed to stop at the station long enough to enable plaintiff to alight promptly in safety, and while plaintiff within proper time was trying to alight defendant company suddenly started the train," etc. In other words, if these facts were found to be true, then the court told the jury that the company was liable; but it did not assume that it was liable for negligence unless these facts were found to be true; and if they were true, negligence appeared as a matter of law.

2.    The next objection is to the second instruction, allowing recovery for disfigurement of her person.    Two of Mrs. Price's daughters testified to their mother's physical condition, and said that one shoulder was dropped down, and was lower than the other, and that this condition only existed since the accident. A physician who examined her testified that he found a dislocation of the humerus and scapula or shoulder blade, and the deltoid muscles strained.    That the dislocation would create a very painful injury.    He examined the lungs and found a dullness, as if there was an abscess, which may have been caused by an external injury; and, further, that the injury to the shoulder was a permanent one, if not operated upon.    He further said that the dislocation of the shoulder caused one shoulder to be lower than the other, making a noticeable difference in the two.

There was ample evidence to go to the jury in regard to the disfigurement.    The present condition of the shoulder was sufficiently connected with the fall from the train to justify the jury in finding that her injuries were the result of said fall.

It is also said that the verdict is excessive.    Certainly it is if the testimony of the appellant's witnesses be accepted as true. But there was testimony adduced on behalf of appellee which, if true, would prevent this verdict being excessive.    And the jury has accepted her testimony as the truth of the case.

Judgment is affirmed.